[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16501
Non-Argument Calendar
_____

BIA No. A95-887-231

GUSTAVO BERON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 14, 2007)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Petitioner Gustavo Beron, a native and citizen of Colombia, through counsel, petitions for review of the Board of Immigration Appeals's ("BIA's") order adopting and affirming the immigration judge's ("IJ's") denial of his application for asylum and withholding of removal. Beron applied for asylum and withholding of removal because the Colombian National Liberation Army ("ELN") threatened, persecuted, psychologically tortured, harassed, and coerced him for his social work and refusal to accept their demands. At his asylum hearing, Beron testified to various incidents, including when the ELN kidnaped his cousin Diego during the mass kidnaping of 117 parishioners at La Maria Church. Because of Beron's notoriety, Diego negotiated with Commander Julian of the ELN on Beron's behalf. Julian agreed to release Diego if Beron would help the ELN sell some properties it acquired through the kidnaping. Beron agreed, but after they released Diego, Beron stated that he steadfastly refused to help them, despite his earlier promise. As a result, he was harassed with phone calls at work, which led him to change his office location. Later, the threats became more "critical" because they began to threaten to kill him if he did not cooperate.

The IJ found that there was no direct link between his assistance to the poor and the threats he received, but instead, the guerillas only sought to profit financially from Beron's knowledge as a real estate professional. The IJ stated that a refusal to assist the guerrillas did not impute to him a political opinion.

2

In his petition, Beron argues that it is well documented by the U.S. State Department in the 2006 Country Report on Human Right Practices that anyone known to collaborate with the government is subject to persecution by guerilla groups, including the ELN, and he not only worked with the government but has an imputed political opinion from his work. He contends that his testimony established a well-founded fear of persecution under the U.S. Supreme Court's decision in *INS v. Cardoza-Fonseca*, 480 U.S. 421, 107 S. Ct. 1207 (1987), and he demonstrated a clear possibility of persecution. He further argues that he has established that the guerillas have a pattern or practice of persecution of government collaborators, such as him. Therefore, he argues that the IJ erred in its evaluation of the evidence because the IJ departed from the standard which required it to meticulously weigh the evidence and adjudicate its validity. He also asserts that the IJ and BIA erred by failing to show where the substantial evidence lies.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* Here, we will review the IJ's decision, as adopted by the BIA. To the extent that the IJ's and the BIA's decisions are based on a legal determination, review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48

3

(11th Cir. 2001).  Factual determinations, however, are reviewed under the "highly

deferential substantial evidence test," which requires us to "view the record in the

light most favorable to the [IJ]'s decision and draw all reasonable inferences in

favor of that decision."  *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir.

2004) (*en banc*).  "Findings of fact made by the Immigration Judge may be

reversed by this court only when the record compels a reversal; the mere fact that

the record may support a contrary conclusion is not enough to justify a reversal of

the administrative findings."  *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th

Cir. 2006) (alterations and quotation omitted).

> We have stated that:
>
> [A]sylum relief requires proof of two criteria. To establish asylum based on past persecution, the applicant must prove (1) that []he was persecuted, and (2) that the persecution was on account of a protected ground. To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground.

*Id.*  (citations omitted).  Once the petitioner establishes past persecution, a

rebuttable presumption of a well-founded fear of future persecution arises. 8 C.F.R

§ 208.13(b)(1).

There must be "specific, detailed facts showing a good reason to fear that

[the petitioner] will be *singled out* for persecution on account of [his political]

opinion." *Najjar*, 257 F.3d at 1287 (quotations omitted).  The alien, however,

does not need to prove that he would be "singled out" for persecution if: (1) there is a "pattern or practice of persecution" against similarly situated individuals; and (2) his inclusion within that group of individuals makes fear of persecution reasonable. 8 C.F.R. 208.13(b)(2)(iii). "Persecution on account of . . . political opinion . . . is persecution on account of the *victim's* political opinion, not the persecutor's. " *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257-58 (11th Cir. 2006) (quotation omitted). Moreover,"[a]n imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." *Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 820 (11th Cir. 2007) (quotation omitted).

In *Rivera*, petitioner argued that he refused to pay the war tax to the guerrillas, on account of his political opposition to the organization, and asserted that "this political opposition is sufficient to render the likely persecution of their family 'on account of' their political opinion." *Id.* at 822. We held, however, that even if the war tax was not paid for political reasons, that "finding would not establish persecution on account of political opinion," as "it is not enough for an asylum applicant to prove that he refused to cooperate with guerrillas because of his political opinion." *Id.* We concluded that

> It is quite plausible, indeed likely, that [persecution] would be
> engaged in by the guerrillas in order to augment their [income] rather
> than show their displeasure" with the petitioners' political opinion.

5

> Although other inferences about the guerillas' motives may be drawn, it is not our task to do so as long as substantial evidence supports the [Immigration Judge's] conclusion. [E]ven if the evidence could support multiple conclusions, we must affirm the agency's decision.

*Id.* at 823 (alteration in original) (quotations and citations omitted).

Additionally, we have held that "evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz*, 440 F.3d at 1258. As to future persecution, we noted, in a case where the petitioner had been subject to menacing telephone calls and threats, that her "notoriety" would not outlast a four-year absence, making her fear of persecution objectively unreasonable. *Sepulveda*, 401 F.3d at 1232.

As an initial matter, it should be noted that the 2006 Country Report referenced by Beron in his brief on appeal was not before the IJ or the BIA, and therefore, we may not consider it. *See Najjar v. Ashcroft,*, 257 F.3d at 1303. Additionally, because Beron has not argued on appeal that the IJ should have granted him either asylum or withholding of removal based on his membership in a social group, he has abandoned this issue. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d at 1228 n.2. To the extent that Beron is attempting to establish persecution due to pattern or practice, as he did not raise this issue to the IJ or the BIA, we lack

6

jurisdiction to review it. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006) (stating that failure to exhaust administrative remedies deprives us of jurisdiction).

After reviewing the record, and reading the parties' briefs, we conclude that there was substantial evidence to support the IJ and BIA's finding that the ELN had not imputed a political opinion to Beron, qualifying him for asylum, and instead had persecuted him due to his resistance to their desire to use his real estate skills and connections to sell land and for financial gain. Additionally, because Beron was unable to meet the lower burden to qualify for asylum relief, he could not meet the higher burden required for withholding of removal. Accordingly, we deny the petition for review.

**PETITION DENIED.**